IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY HICKS,**

                      **Petitioner,**

        **v.**                               **CASE NO. 06-3108-RDR**

**TERESAR BANKS,**

                      **Respondent.**

## O R D E R

Petitioner initiated this action by filing a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Central District of California where petitioner was confined. That court construed the action as a motion filed under 28 U.S.C. § 2255 to challenge petitioner's criminal conviction in the District of Kansas, *see* <u>United States v. Hicks</u>, Case No. 94-CR-10058-JAR, and transferred the case to the District of Kansas where it was assigned to the undersigned judge.

Petitioner acknowledges, and court records support, that petitioner previously sought relief in a motion filed under 28 U.S.C. § 2255 in his criminal case.

"A second or successive [2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

    (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to

>establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Petitioner has not received permission from a panel of the U.S. Court of Appeals for the Tenth Circuit to file a second or successive 2255 motion in the District of Kansas, thus this court has no jurisdiction to address the merits of the motion. *See* <u>United States v. Avila-Avila</u>, 132 F.3d 1347, 1348-49 (10th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3)(A)(before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application).

Accordingly, the court transfers petitioner's motion to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See* <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997)(when a second or successive habeas motion is filed in the district court without the authorization required by § 2244, the court should transfer the petition to the Circuit in the interests of justice pursuant to 28 U.S.C. § 1631).

IT IS THEREFORE ORDERED that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, which has been judicially construed as a motion filed under 28 U.S.C. § 2255, is to be transferred to the Tenth Circuit Court of Appeals pursuant to 28

U.S.C. § 1631.

      DATED:  This 12th day of May 2006 at Topeka, Kansas.


                                          s/ Richard D. Rogers  
                                          RICHARD D. ROGERS  
                                          United States District Judge